**Dated: January 28, 2016**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: ) | |
| ) | Case No. 11-14896-JDL |
| Betty Jean Knutson, ) | Ch. 13 |
| ) | |
| Debtor. ) | |
| ) | |
| Betty Jean Knutson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ADV 15-1266-JDL |
| ) | |
| BOKF, N.A. d/b/a Bank of Oklahoma, ) | |
| and BOK Mortgage, ) | |
| ) | |
| Defendant. ) | |

### ORDER GRANTING APPLICATION TO FILE REPLY BRIEF

There comes on for consideration the *Application to File Reply Brief* filed by Defendant BOKF, N.A. d/b/a Bank of Oklahoma ("BOK") filed January 20, 2016 (the "*Application*") [Doc. 12]. The *Application* seeks leave of Court for BOK to reply to *Plaintiff's*

*Response to Defendant's Motion to Dismiss* ( the "*Response*") [ Doc. 11]. Before ruling upon the *Application*, the Court is compelled to express its concerns with certain procedural irregularities regarding the Defendant's *Motion to Dismiss* (the *"Motion"*) and the Plaintiff's *Response* thereto.

BOK filed its *Motion* on December 17, 2015. The *Motion* was deficient in that it failed to contain both in the title and body of the pleading the "Notice of Opportunity for Hearing" language required by Local Rule 9013-1(G), including providing for a 14 day period within which Plaintiff had to file a response. Under the Local Rules, Plaintiff would normally have had until December 31, 2015, within which to file a response. The Court is advised that counsel, without seeking Court approval, agreed between themselves that Plaintiff would have until January 15, 2016, within which to respond to the *Motion*. On January 15, 2016, without seeking leave of court, Plaintiff filed his *Response* to the *Motion*.

Federal Rule of Bankruptcy Procedure 9006 allows the court to grant an extension of time for cause. As has been stated, "the implication of the rule is that only the court may order an enlargement of time (and only for cause shown) and that the parties may not stipulate without court approval to an extension of time". *In re Sonoma V*, 703 F.2d 429, 431 (9th Cir. 1983) ; *In re Snyder*, 74 BR. 872, 876 (Bankr. E.D. Pa.1987); *In re Neese*, 87 B.R. 609 (9th Cir. BAP 1988). Counsel here took it upon themselves to thwart the Federal Rules of Bankruptcy Procedure by seeking and granting an extension of time without court approval. Although counsel are encouraged to cooperate concerning waivers of procedural formalities, the practice exhibited in this case is expressly disapproved. If extensions of time are to be granted to opposing counsel, those extensions should be short

2

and specific, counsel should reduce their agreed extension to writing and Court approval should be obtained pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure and Local Rule 9006-1.

In light of the current procedural posture of this case, the Court is not going to strike the Defendant's *Motion* due to its deficiencies as mentioned above. Similarly, while proper leave of the court was not obtained by Plaintiff to file his *Response* to the *Motion*, the Court is not going to strike the same as being untimely filed. In short, the Court is going to give each side a "mulligan"[1] and consider the *Motion* and the *Response* on their merits, and therefore,

**IT IS ORDERED** that the *Application* is hereby **Granted**, and Defendant has five (5) working days from the entry of this order to file its Reply brief.

# # #

---

[1] A "mulligan" is "a free shot sometimes given a golfer in informal play when the previous shot was poorly played." *Hinds v. Sprint's/United Management Co.,* 2007 WL 99598 (D. Kan. 2007) (citing Merriam-Webster's Online Dictionary,www.com,/dictionary/mulligan.)